The opinion of the Court was delivered by
JOHNSON, J.
We are very clearly of opinion with the Chancellor, that in the absence of written evidence, parol was admissible to show that one-half of the personal estate bequeathed _ by Wm. Burton, Sr., to his son, Wm. Burton, Jr., was'bequeathed-by the testator, with the knowledge of the legatee, on the confidence that he would take and hold it in trust for his sister, Mrs. Towles. It is certainly no violation of the rule of evidence, which excludes parol evidence to add to, vary or alter' a will or other writing; for the will takes effect precisely in the manner expressed on its face. Wm. Burton, Jr., takes one-half of the residue of the personal estate. The foundation of the plaintiffs’ claim rests on a parol contract between the testator and his son William. The transaction, as explained by the most unequivocal proof, supposes, that the testator held to the legatee a lan-! guage something like this: “lam desirous of providing for my daughter, Mrs. (Towles, but her husband is a prodigal, and will waste it if I give any thing to her directly; ‘to prevent this, I propose to bequeath to you directly, the portion which I intend as a provision for herand that the legatee consented .to accept it upon these terms, and promised on his part to fulfil his wishes. Now here is a clear and explicit promise, founded on full consideration, (the legacy,).in relation to personal estate ; and where, is the rule of law which avoids it? (see Stickland vs. Aldridge, 9 Ves. 516.) But we'incline to think this evidence was superseded by the higher evidence of- the bond of Wm. Burton, Jr., of the 5th May/ 1812. That was made, it is true, in direct reference to the will of the same date, but it contains a direct .undertaking on the part of Wm. Burton,- Jr., that he would hold “one-half" of the personal property which he was to receive” of his father’s estate, to the use of Mrs. To>vles, and it was one from which he could not discharge himself by any act *163 of his, and would apply to that or any other will. Ás a contract, it was immaterial whether it preceded or foliowéd the execution of the consideration on which it was founded. He would have been as much bound by a bond made in reference to a will contemplated to be made ten years after, as if it had been contemporaneously executed. The fact that the testator gave, in the last will, also a double portion to this son, and nothing, comparatively,-to his daughter, Mrs. Towles, in a will intended otherwise to put all his children upon a footing of equality, goes very far to show, of itself, that the will was made in reference to the bond, and on that account would be binding. The trust proved by the parol evidence is precisely that indicated in the condition of the bond, and whether the one or the other is adopted, the result is the same. In support of the motion, it is also contended, that if the bond is set up, the plaintiffs’ remedy is at law for the penalty, and Chancery not having jurisdiction, the complainants’ bill ought to be dismissed. .But this position cannot be maintained. When the penalty is iñtended merely to secure the enjoyment of a collateral object, the enjoyment of the object is considered as the principal intent of the deed, and the penalty is. considered as' only accessorial,' and equity will enforce the performance of the condition a.t the instance of the obligee, or restrain proceedings at law to recover the penalty; 1 Fonb. 151.
In the order of reference made by the Chancellor, the circumstance, that the testator was possessed of personal estate, other than his negroes, and which was covered by the bequest to Wm. Burton, Jr., seems to have been entirely overlooked, .which renders a modification of the decree indispensable. It is, therefore, ordered and decreed, that the defendants do account'before the Commissioner for the one-half of the whole personal estate, (including slaves,) so as aforesaid bequeathed by Wm. Burton, Sr., to his son, Wm. Burton, Jr., and which was disposed of by the said Wm. Burton, Jr., in his life time, or the defendants, since his death, and for the hire of slaves, interest on moneys, or other income arising from the one-half of the said estate so *164 bequeathed-to the said Wm. Burton, Jr., and that he credit the defendants with any payments made to Mrs. Towles, or supplies furnished her family in the execution of the trust reposed in the said Wm.'Burton, Jr., by his said father, as hereinbefore stated. That if, upon the ádjustment of these accounts, it shall appear that the defendants of their testator are in advance to Mrs. Towles ’ beyond the amount of their receipts, the defendants shall be reimbursed out of the personal estate remaining in their hands; and upon, a final account, according to these principles, it is further ordered, that the said • personal estate now remaining, in the hands; power or possession of the defendants, be partitioned in-equal moieties between the complainants and defendants; and that this order be taken as a substitute for that made by the Chancellor, .the object being an equal partition of the legacy to Wm. Burton, Jr., between the complainants and defendants.
O’Neall and Martin, JJ., concurred.

Decree modified.